IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BMO BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-24-1330-PRW |
| WOOF TRUCKING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before this Court is Plaintiff BMO Bank N.A.'s Motion for Default Judgment (Dkt. 7), in which Plaintiff seeks default judgment against Defendants Woof Trucking, LLC and Michael Osteen. For the following reasons, the Court **GRANTS** in part and **DENIES** in part the Motion (Dkt. 7).

### *Background*

This is a breach of contract action arising from Woof Trucking and Osteen's failure to pay BMO Bank. On separate occasions, Woof Trucking entered into three different Loan and Security Agreements with BMO Bank. Under the first agreement, Woof Trucking agreed to pay BMO Bank $3,469.05 per month for 48 months, beginning on October 1, 2021 and totaling $166,514.40 (Agreement 1, Loan Number 6001). Then, under the second agreement, Woof Trucking agreed to pay BMO Bank $7,494.12 per month for 48 months, beginning on November 1, 2021 and totaling $359,717.76 (Agreement 2, Loan Number 8001). Finally, under the third agreement, Woof Trucking agreed to pay $4,826.66 per month for 48 months,

beginning on December 1, 2021 and totaling $231,679.68 (Agreement 3, Loan Number 3001). In exchange for these monthly payments, Woof Trucking could use various refrigerated vehicles and refrigeration units. Osteen, the managing member of Woof Trucking, executed a Continuing Guaranty, in which he agreed to the prompt payment and performance of all obligations, liabilities, and undertakings of Woof Trucking to BMO Bank. On March 1, 2023, Woof Trucking defaulted under the terms of each Loan and Security Agreement by failing to make the minimum monthly payments. Osteen failed to cure Woof Trucking's default.

BMO Bank filed the instant action on December 19, 2024, alleging one count of breach of contract against Woof Trucking and one count of breach of contract against Osteen (Dkt. 1). BMO Bank requested $453,369.42 in compensatory damages from the Defendants. The summons and complaints were served on Defendants on February 10, 2025 (Dkts. 3–4). The Defendants never filed an answer or other pleading. On April 18, 2025, the Clerk of Court entered default against the Defendants pursuant to Federal Rule of Civil Procedure 55(a) (Dkt. 7). Now, BMO Bank moves under Rule 55(b) for default judgment against Woof Trucking and Osteen in the amount of $453,369.42 (Dkt. 7).

### *Legal Standard*

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default by the Clerk under Rule 55(a) must precede grant of a default judgment under Rule

55(b).[1] The default concedes the truth of the allegations of the Complaint regarding Defendants' liability under all counts brought against them.[2] But courts must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[3]

*Analysis*

**I.    The Court has jurisdiction.**

Before entering a default judgment, "a district court must determine whether it has jurisdiction over" the defendant.[4] Taking the complaint's well-pleaded allegations as true, the Court finds that it has both subject matter jurisdiction over the action and personal jurisdiction over Woof Trucking and Osteen.

**A.    Subject Matter Jurisdiction**

The complaint asserts that the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. BMO Bank must establish that it is completely diverse from both defendants and that the amount in controversy exceeds $75,000.[5]

---

[1] *State Auto Prop. & Cas. Ins. Co. v. Estate of Brierton*, 2018 WL 8344843, at *1 (W.D. Okla. Aug. 24, 2018).

[2] *United States v. Real Prop. Known as 7208 E. 65th Place, Tulsa, Okla.*, No. 15-CV-324-GKF-TLW, 2017 WL 5476398, at *2 (N.D. Okla. Feb. 17, 2017) (citation omitted).

[3] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotation marks omitted).

[4] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, at 772 (10th Cir. 1997).

[5] 28 U.S.C. § 1332; 7C Charles Alan Wright & Arthur A. Miller, *Federal Practice and Procedure* § 1703 (3d ed.).

The complaint alleges that BMO Bank suffered $453,369.42 in compensatory damages, resulting from Woof Trucking and Osteen's failure to make monthly payments. This satisfies the amount-in-controversy requirement. BMO Bank alleges that it is national banking association and has its principal place of business and main office, according to the Articles of Association, in Illinois.[6] Both Woof Trucking and Osteen (the sole member of Woof Trucking) are citizens of Oklahoma. Accordingly, complete diversity exists. The Court is therefore satisfied that it has subject matter jurisdiction over the matter.

## B.      Personal Jurisdiction

Plaintiff bears the burden of making a prima facie showing of personal jurisdiction.[7] "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."[8] A corporation is "at home" where its state of incorporation and principal place of business is. And courts have routinely applied the personal jurisdiction rules regarding corporations to limited liability companies.[9] Here, the complaint alleges that Osteen's domicile

---

[6] 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.").

[7] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008); *see USAA Life Ins. Co. v. Stauch*, No. 23-CV-00413-PAB-MDB, 2024 WL 1177931, at *3 (D. Colo. Mar. 19, 2024).

[8] *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[9] *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 338 n. 10 (5th Cir. 2020) (collecting cases); *see Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 974–82 (D. Wyo. Dec. 2, 2022) (discussing the debate over what "at home" means for LLCs and holding that an LLC should not be considered "at home" based on the citizenship of each member).

and Woof Trucking's principal place of business and state of organization is in Oklahoma.

Thus, the Court finds that it has personal jurisdiction over the Defendants.

## II.    Adequacy of Claims

As a preliminary matter, the Court applies Illinois law to Plaintiff's breach-of-contract

claims. The Court is sitting in diversity, so it applies the forum state's choice-of-law rules.

Under the law of the forum state, Oklahoma, "a contract will be governed by the laws of the

state where the contract was entered into unless otherwise agreed and unless contrary to the law

or public policy of the state where enforcement of the contract is sought."[10] Because the parties

agreed to be governed by the laws of Illinois,[11] the Court must determine whether the

application of Illinois law would violate the public policy of Oklahoma. The Court concludes

it does not.

### A.    Breach of Contract by Woof Trucking

In Illinois, "[t]o properly plead a cause of action for breach of contract, a plaintiff must

allege the essential elements, which are (1) the existence of a valid and enforceable contract;

(2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant

injury to the plaintiff."[12] Upon review of the record, BMO Bank has established the existence

of three valid contracts—the Loan and Security Agreements—between BMO Bank and Woof

Trucking. BMO Bank has also established it permitted Woof Trucking to use the contracted-

---

[10] *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1236 (10th Cir. 2007) (quoting *Williams v. Shearson Lehman Bros., Inc.,* 917 P.2d 998, 1002 (Okla. Civ. App. 1995).

[11] Agreement 1 (Dkt. 7, Ex. 1), ¶ 7.6; Agreement 2 (Dkt. 7, Ex. 2), ¶ 7.6; Agreement 3 (Dkt. 7, Ex. 3), ¶ 7.6; Continuing Guaranty (Dkt. 7, Ex. 5), at 1.

[12] *Gonzalzles v. American Exp. Credit Corp.*, 733 N.E.2d 345, 351 (Ill. App. Ct. 2000).

for equipment, and that Woof Trucking violated the contract by failing to make the minimum monthly payments, resulting in financial injury to BMO Bank. Accordingly, BMO Bank has stated a basis for its breach-of-contract claim against Woof Trucking, and default judgment should be entered against Woof Trucking as to this claim.

### B.       Breach of Contract by Osteen

"A guaranty contract is an agreement between a guarantor and a creditor wherein the guarantor agrees to be secondarily liable to the creditor for a debt or obligation owed to the creditor by a third party (the debtor)."[13] And "[a] guarantor's secondary liability is triggered by a default of the debtor on the obligation the debtor owes to the creditor.[14] Here, Osteen agreed to guarantee all present and future liabilities, obligations, and indebtedness Woof Trucking owes to BMO Bank.[15] Because each Loan and Security Agreement implicates the continuing guaranty agreement, BMO Bank has established that there was a valid contract between BMO Bank and Osteen. Further, as found above, Woof Trucking defaulted on its contractual obligations to BMO Bank, triggering the continuing guaranty agreement and Osteen's obligation to BMO Bank. BMO Bank has also established that it informed Osteen of Woof Trucking's breach and Osteen failed to pay Woof Trucking's debts, resulting in financial injury to BMO Bank. Accordingly, BMO Bank has stated a basis for its breach-of-contract claim against Osteen, and default judgment should be entered against Osteen as to this claim.

---

[13] *Int'l Supply Co. v. Campbell*, 907 N.E.2d 478, 486 (Ill. App. Ct. 2009).

[14] *Id.*

[15] Continuing Guaranty (Dkt. 7, Ex. 5), at 1.

## III.    Damages

A default judgment can be entered without a hearing if the amount of damages can be
ascertained.[16] That is, sworn affidavits and supporting documentation may support an award of
damages.[17] An evidentiary hearing in this case is not necessary because BMO Bank's claims
are capable of mathematical calculation.

BMO Bank asserts it sustained damages in the amount of $453,369.42 due to Woof
Trucking and Osteen's breach of contract. In support of this amount, BMO Bank submits the
Declaration of Attorney James K. Haney, the Certification of Litigation Specialist Rose
Hamilton, copies of all the agreements, and BMO Bank's "loan damage calculators" for each
agreement.

Particularly useful are the "loan damage calculators,"[18] which list the remaining
principal amount owed under the agreement, interest on the remaining unpaid principal, and
late charges and other fees. BMO Bank attaches four loan damage calculators with each
associated with a different Loan and Security Agreement between BMO Bank and Woof
Trucking. The sum of all four loan calculations is $453,369.42—the exact amount requested
by BMO Bank. However, the Motion for Default Judgment is the first time a fourth Loan and
Security Agreement (Agreement 4, Loan Number 2001) is mentioned.[19] Moreover, exhibit 4

---

[16] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

[17] Fed. R. Civ. P. 55(a)(1).

[18] Loan Damage Calculators (Dkt. 7, Ex. 6), at 1–4.

[19] Under this Loan and Security Agreement, Woof Trucking agreed to make monthly
payments of $7, Agreement 4 (Dkt. 7, Ex. 4); Certification of Hamiliton (Dkt. 7), at 4.

includes a copy of Agreement 4, and the Certification of Hamiliton also discusses it in her analysis. Yet Agreement 4 is found nowhere in the complaint. Because a defendant in default only admits the well-pleaded allegations in the complaint, the Court will not consider any damages flowing from a potential breach of Agreement 4.

Considering only the materials associated with Agreements 1, 2, and 3, the Court cannot support the full amount of $453,369.42. Instead, the Court finds that BMO Bank is only entitled to $273,337.31 in damages. The Court determined this amount by adding together the loan damage calculations for Loan Numbers 6001, 8001, and 3001 ($48,374.35 + $96,848.03 + $128,114.93).[20] This amount is also well-supported by the Certification of Hamiliton and Agreements 1, 2, and 3.

### *Conclusion*

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part BMO Bank's Motion for Default Judgment (Dkt. 7). The Court **ORDERS** that default judgment for $273,337.31 be entered against Woof Trucking and Osteen regarding BMO Bank's breach-of-contract claims, for which those Defendants shall be jointly and severally liable. A separate judgment will issue.

**IT IS SO ORDERED** this 16th day of December 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[20] Loan Damage Calculators (Dkt. 7, Ex. 6), at 1–3.